**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 07-4489**

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODERICK LAMMOND PERRY,

Defendant - Appellant.

————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:06-cr-00145-NCT)

————————

Submitted:  January 31, 2008      Decided:  February 27, 2008

————————

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Michael A.
DeFranco, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On November 2, 2005, Roderick Lammond Perry was found in possession of a loaded .40 caliber handgun and 2.3 grams of crack cocaine. Pursuant to a plea agreement, Perry pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1) (2000) and (b)(1)(C) (West 2000 and Supp. 2007), and possession of a firearm after having three previous convictions for violent felonies or serious drug offenses, in violation of 18 U.S.C.A. §§ 922(g)(1) (2000) and 924(e) (West 2000 and Supp. 2007). At sentencing, the district court determined Perry was an Armed Career Criminal within the meaning of 18 U.S.C.A. § 924(e) (West 2000 and Supp. 2007) and that he had a resulting advisory guidelines range of 188-235 months' imprisonment. In conformity with this range, the district court sentenced Perry to 188 months' imprisonment. Perry timely noted his appeal and now argues that his sentence was unreasonable. We affirm for the reasons that follow.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. The district court must calculate the appropriate advisory guidelines range by making any necessary factual findings. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). The court should then afford the parties "an opportunity to argue for whatever sentence they deem appropriate." Gall v. United States,

128 S. Ct. 586, 596-97 (2007).  Then, the sentencing court should consider the resulting advisory guideline range in conjunction with the factors set out in 18 U.S.C. § 3553(a) (West 2000 and Supp. 2007), and determine whether the § 3553(a) factors support the sentence requested by either party.  Id.  Considering the factors in § 3553(a) does not require the sentencing court to "robotically tick through" every subsection of § 3553(a).  United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006).  The sentencing court may not presume that the Guidelines range is reasonable, but if it decides to impose a sentence outside the Guidelines range it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  Gall, 128 S. Ct. at 596.

On appeal, we review a sentence for reasonableness, focusing on whether the district court abused its discretion. United States v. Pauley, ___ F.3d ___, 2007 WL 4555520 at *5 (4th Cir. Dec. 28, 2007).  This involves two steps, first examining the sentence for "significant procedural errors," and second, evaluating the substance of the sentence.  Id.  Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any

deviation from the Guidelines range."  Id. (internal quotations omitted).  "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  Id.  While the appellate court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable.  Moreover, it must give "due deference" to the district court's decision that the § 3553(a) factors justify the extent of any variance sentence.  Id.

On appeal, Perry seizes on the language in 18 U.S.C.A. § 3553(a) (West 2000 and Supp. 2007) that a sentencing court is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2) and appears to argue that the district court failed to properly consider "the nature and circumstances of the offense and the history of the defendant."  18 U.S.C. § 3553(a)(1).  Simply because the district court may have weighed the § 3553(a) factors differently than Perry desired does not establish that the district court committed a significant procedural error in imposing sentence.

Additionally, Perry's sentence was substantively reasonable.  Pauley, 2007 WL 4555520 at *5.  Perry acquired numerous felony convictions at a young age and continued to offend into adulthood.  Ultimately, Perry was arrested in possession of crack cocaine and a loaded .40 caliber handgun and was properly

characterized as an armed career criminal.  These facts were aptly countered by argument in mitigation from defense counsel and by Perry's allocution.  This court may presume that Perry's advisory guidelines sentence of 188 months was reasonable, and Perry has failed to rebut such a presumption.  See <u>Rita v. United States</u>, 127 S. Ct. 2456, 2459 (2007); <u>Gall</u>, 128 S. Ct. at 597 . Accordingly, we affirm the judgment of the district court.  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>